UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**STEVEN HARBEN, Derivatively on Behalf**                            **PLAINTIFF**
**of Nominal Defendant DILLARD'S INC.**

**v.**                           **CASE NO. 4:09cv395 BSM**

**WILLIAM DILLARD II, JAMES I.**                                              **DEFENDANTS**
**FREEMAN, ALEX DILLARD, MIKE**
**DILLARD, DRUE MATHENY, JAMES**
**A. HASLAM III, PETER R. JOHNSON,**
**ROBERT C. CONNOR, R. BRAD**
**MARTIN, FRANK R. MORI, WARREN**
**A. STEPHENS, and NICK WHITE**

**DILLARD'S INC.**                                                               **NOMINAL DEFENDANT**

**ORDER**

Before the court is defendants' motion to stay discovery and the disclosure requirements of Rule 26. [Doc. No. 21]. The plaintiff has responded. [Doc. No. 28]. The motion is granted.

Rule 26(c)(1) states "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Prior to the filing of this motion, the defendants filed a motion to stay these proceedings in favor of parallel state court action or, in the alternative, dismiss the complaint ("motion to stay or dismiss"). [Doc. No. 16]. Defendants now move for discovery and the disclosure requirements of Rule 26 to be stayed pending a decision on their motion to stay or dismiss. In the motion currently before the court, defendants maintain that there is the possibility that

some or all of the plaintiff's claims will be stayed or dismissed. Therefore, to allow discovery could result in undue burden or cost. Also, the defendants argue that the plaintiff is not allowed discovery on the threshold issue of whether he adequately pled that making a pre-suit demand to the Dillard's board of directors would be futile. Finally, the defendants maintain that the plaintiff has already received documentary discovery through a statutory books and records request.

In his response, the plaintiff argues that the defendants' motion to stay or dismiss is baseless because (1) the defendants' reading and application of case law addressing the staying of federal actions for state actions is faulty; and (2) there is reasonable doubt as to whether Dillard's board of directors could disinterestedly and independently consider a demand to institute and vigorously prosecute the action. Because the defendants' previous motion is baseless, there will be no undue burden or expense in allowing discovery to go forward. Additionally, the discovery requests that have been made by the plaintiff have been narrowly tailored.

The court is persuaded by the defendants' arguments, and finds that there is good cause to stay discovery and the Rule 26 disclosure requirements. Therefore, the defendants' motion is granted.

IT IS SO ORDERED this 16th day of October, 2009.

_____
UNITED STATES DISTRICT JUDGE