UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**STEVEN HARBEN, Derivatively on Behalf
of Nominal Defendant DILLARD'S INC.**                                    **PLAINTIFF**

v.                           CASE NO. 4:09cv00395 BSM

**WILLIAM DILLARD II, JAMES I.
FREEMAN, ALEX DILLARD, MIKE
DILLARD, DRUE MATHENY, JAMES
A. HASLAM III, PETER R. JOHNSON,
ROBERT C. CONNOR, R. BRAD MARTIN,
FRANK R. MORI, WARREN A. STEPHENS,
and NICK WHITE**                                                          **DEFENDANTS**

## ORDER

Defendants, William Dillard II ("W. Dillard II"), James I. Freeman ("Freeman"), Alex Dillard ("A. Dillard"), Mike Dillard ("M. Dillard"), Drue Matheny ("Matheny"), James A. Haslam III ("Haslam"), Peter R. Johnson ("Johnson"), Robert C. Connor ("Connor"), R. Brad Martin ("Martin"), Frank R. Mori ("Mori"), Warren A. Stephens ("Stephens"), and Nick White ("White"), move to stay these proceedings in favor of parallel state court action or, in the alternative, dismiss the complaint. [Doc. Nos. 16, 38]. Plaintiff, Steven Harben ("Harben"), objects. [Doc. Nos. 33, 41]. For the reasons set forth below, the motion is granted.

## I. BACKGROUND

Harben is a stockholder of Dillard's, Inc. ("Dillard's"). He brings his claim on behalf of nominal defendant Dillard's alleging breach of fiduciary duties of loyalty and good faith against all defendants and unjust enrichment against separate defendants W. Dillard II, A.

Dillard, M. Dillard, D. Matheny, and Stephens.  His complaint centers on the compensation paid to W. Dillard II, A. Dillard, M. Dillard and Matheny.  W. Dillard, A. Dillard, M. Dillard, and Matheny are all members of the Dillard family and members of the Dillard's Board of Directors ("the Board").  Additionally, W. Dillard is the Chairman and CEO, A. Dillard is the President, M. Dillard is an Executive Vice President, and Matheny is an Executive Vice President.

Harben maintains that the compensation paid to W. Dillard II, A. Dillard, M. Dillard, and Matheny is exorbitant in view of Dillard's current financial condition.  In continuing to award themselves this exorbitant compensation at the expense of Dillard's and its stockholders, Harben maintains that W. Dillard II, A. Dillard, M. Dillard, and Matheny have breached their fiduciary duties of loyalty and good faith.  Stephens, Johnson, and Connor, directors and members of the compensation committee, have breached their fiduciary duties to Dillard's by approving the family members' compensation.  Freeman, Haslam, Martin, Mori, and White, the remaining members of the Board, have breached their fiduciary duties by knowingly allowing the compensation to continue and failing to provide oversight as required by their positions.  Additionally, Harben maintains that this compensation unjustly enriched W. Dillard II, A. Dillard, M. Dillard and Matheny.

The complaint further alleges that W. Dillard II, A. Dillard, M. Dillard, and Matheny rewarded Stephens for approving their excessive compensation by making excessive and improper payments to Stephens' corporation, Stephens, Inc.  These excessive and improper payments were funneled to Stephens, Inc. as payment for that company's assistance to

Dillard's in evaluating Dillard's options regarding its partial ownership of CDI, Inc., a general contractor. Harben asserts that the decision to retain Stephens, Inc. was done without any input or approval from the Board and that the non-family members of the Board failed to evaluate the agreement. This decision to retain Stephens, Inc. is presented by Harben as evidence that the Board members violated their fiduciary duties. Harben further uses this to support his unjust enrichment claim against Stephens.

Harben's complaint also asserts that the pre-suit demand required by Federal Rule of Civil Procedure 23.1 should be excused because it would be futile. He offers multiple reasons supporting futility. These reasons are discussed below.

Approximately two weeks after Harben filed this case, another shareholder, Billy K. Berry ("Berry"), filed a shareholder derivative suit against Dillard's in Arkansas state court. *See Berry v. Dillard*, CV 09-4127-2 (Pulaski Co. Cir. Ct.). Although the *Berry* complaint is more extensive, like Harben's complaint it claims violations of fiduciary duties of loyalty and good faith, as well as unjust enrichment. These claims center on the compensation paid to W. Dillard II, A. Dillard, M. Dillard and Matheny. Berry also failed to make a pre-suit demand due to its futility.

Defendants initially moved to stay or, in the alternative, dismiss this case until the *Berry* case had been resolved. Defendants maintained that a stay was necessary in the interests of judicial economy, efficiency, avoidance of piecemeal and duplicative litigation, and avoidance of the potential for inconsistent rulings. In the alternative, defendants moved to dismiss the complaint because: (1) Harben did not make the required pre-suit demand on

Dillard's Board; (2) Harben's claims are barred by Article Nine of Dillard's Restated Certificate of Incorporation; and (3) Harben failed to plead sufficient facts to support claims of breach of fiduciary duties and unjust enrichment.

Defendants have supplemented the initial motion with a collateral estoppel argument. Indeed, defendants now claim that Harben is collaterally estopped from pursuing this case because the state court in *Berry* dismissed that suit after determining that sufficient facts were not pled to support futility and therefore a pre-suit demand was required. Defendants maintain that the state court's finding that pre-suit demand was not excused as futile is binding on this court and that Harben is estopped from relitigating this issue. In the alternative, defendants reassert their arguments for dismissal as set forth in the original motion.

## II. STANDARD

"[A] motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In deciding a motion to dismiss, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Id*. "At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).

To survive a motion to dismiss, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 556.

### III. DISCUSSION

As stated above, defendants present four main arguments for dismissal: (1) Harben did not make the required pre-suit demand on Dillard's Board; (2) Harben's claims are barred by Article Nine of Dillard's Restated Certificate of Incorporation; (3) Harben failed to plead sufficient facts to support claims of breach of fiduciary duties and unjust enrichment; and (4) collateral estoppel requires that the suit be dismissed for failure to make a pre-suit demand.

A.   <u>Pre-Suit Demand Futility and Collateral Estoppel</u>

Collateral estoppel, or issue preclusion, prevents the relitigation of an issue that has been previously decided in another case. To apply the principle of collateral estoppel under Arkansas law, four elements must be met:  (1) the issue sought to be precluded must be the same as that involved in prior litigation; (2) that issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment." *Riverdale Dev. Co. v. Ruffin Bldg. Sys., Inc.*, 356 Ark. 90, 96 (2004). Collateral estoppel precludes the relitigation of an issue in federal court that has been decided by a state court. "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the

law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

Defendants assert that the decision reached in *Berry* on the issue of pre-suit demand futility prevents relitigation of the issue here. Comparing the complaint in the instant action with that in *Berry*, defendants maintain that the suit, and specifically the issue of pre-suit demand futility, are substantially identical in both cases. Like Harben, Berry brought claims against the Board for violations of the fiduciary duties of loyalty and good faith, as well as unjust enrichment. Central to his claims was the "exorbitant compensation" paid to W. Dillard II, A. Dillard, M. Dillard and Matheny. Additionally, Berry alleged the same *quid pro quo* understanding between director members of the Dillard family and Stephens.

In his complaint, Berry pled pre-suit demand futility. He stated that a pre-suit demand would be futile because the "Board could not independently or disinterestedly consider whether to bring the allegations alleged . . . " Defendants' opening supplemental brief in support of defendants' motion to dismiss the complaint ("defs.' supp. brief"), Ex. D, P.33, ¶ 78. He identified reasons specific to each defendant for why a pre-suit demand would be futile. Among them were the familial ties, business ties, professional ties, direct oversight of the corporate misconduct, direct participation in the corporate misconduct, failure to remedy the corporate misconduct, authorization or acquiescence in the corporate misconduct, employment with Dillard's, the likelihood of liability, the possible lack of insurance coverage, the possible resulting civil actions, and the domination and control of the Dillard family over the other Board members.

Defendants assert that the futility reasons given by Harben are almost identical to those given by Berry. Harben states that the Board is incapable of making an independent and disinterested decision. He too attributes specific reasons to individual defendants. They include familial ties, business ties, professional ties, direct interest in the corporate misconduct, the likelihood of liability, employment with Dillard's, and the domination and control of the Dillard family over the other Board members. Defendants use this as evidence that the first element of collateral estoppel is met. The issue of pre-suit demand futility in *Harben* is the same issue decided in *Berry*.

In their motion, defendants state that the issue of pre-suit demand futility was actually litigated in *Berry* because: (1) Berry was represented by two law firms, including one known for its experience in shareholder litigation; (2) Berry's complaint fully covered the issue of pre-suit demand futility; (3) Berry's response and sur-reply to defendants' motion to dismiss comprehensively briefed the issue of pre-suit demand futility; and (4) the state trial court held almost a two-hour oral argument addressing the issue of pre-suit demand futility. All of these factors together establish that the issue of pre-suit demand futility was actually litigated. Following the hearing on demand futility, the *Berry* court dismissed that case with prejudice and entered a final judgment of dismissal, finding that

> Upon consideration of the Verified Complaint, the submissions of the parties in connection with the Defendants' Motion to Dismiss the Verified Complaint, and oral argument of counsel heard on February 5, 2010, the Court has determined that pre-suit demand on the Board of Directors of Dillard's was not excused as futile because Plaintiff has not met his burden of alleging facts in the Verified Complaint creating reasonable doubt that the Board of Directors could exercise disinterested and independent judgment in considering a

demand to bring the claims sought to be alleged in the Verified Complaint. Defs.' supp. brief, Ex. A, P. 3, ¶ 5. Defendants reference the order of dismissal and final judgment as proof that the issue of pre-suit demand futility was determined by a valid and final judgment.

Finally, defendants assert that the pre-suit demand futility determination was essential to the judgment because it is the reason the case was dismissed. In fact, judgment rests solely in the state court's refusal to excuse the pre-suit demand requirement due to futility.

Harben responds that collateral estoppel is not applicable because: (1) the *Berry* action was filed subsequent to the instant action; (2) the issue of pre-suit demand futility was not fully and fairly litigated; and (3) the dismissal in *Berry* was not a valid judgment. To support his first argument, Harben references the language other courts have used when discussing the principle of collateral estoppel. In *Hanson v. Odyssey Healthcare, Inc.*, No. 3:04CV2751-N, 2007 WL 5186795, at *2 (N.D. Tex. Sept. 21, 2007), the court stated "The doctrine of collateral estoppel . . . bars a litigant from relitigating in a *later controversy* an issue that was previously decided against that party in a *earlier action*." (emphasis added). The court in *Levin v. Kozlowski*, No. 602113/02, 2006 WL 3317048, at *8 (N.Y. Sup. Ct. Nov. 14, 2006), stated that "collateral estoppel 'precludes a party from relitigating in a *subsequent action* or proceeding an issue clearly raised in a *prior action* or proceeding . . . " (emphasis added). Harben argues that this language establishes that collateral estoppel applies only to subsequently filed suits. The *Berry* suit was not filed until after Harben filed his complaint. Harben maintains that this prevents application of collateral estoppel to the

8

instant action.

Harben argues that the issue of demand futility was not fully and fairly litigated in *Berry* because Berry was not allowed the opportunity to amend his complaint. Additionally, Berry did not have access to certain documents relied upon by Harben when preparing the state action. Harben argues that without access to these documents Berry was not able to fully develop his futility argument. Therefore, the issue was not fully and fairly litigated, and the second element of collateral estoppel is not fulfilled.

Finally, Harben asserts that the state court's dismissal of *Berry* was not a valid judgment because the decision reached on the issue of demand futility was clearly erroneous. According to Harben, the state court misapplied Arkansas law when Delaware law governed. If Delaware law were applied, the pre-suit demand would have been excused as futile.

Having considered the parties' arguments and reviewed the documents filed in support of those arguments, it appears that Harben is collaterally estopped from pursuing the issue of pre-suit demand futility, and therefore Harben's complaint is dismissed. Defendants have successfully established the elements required for the application of collateral estoppel. This case and the *Berry* case are substantially identical suits. Berry asserted more claims against defendants, but included in his complaint were claims for breach of fiduciary duties of loyalty and good faith, as well as unjust enrichment. The assertions made under those claims are almost identical in the two suits. Portions of the *Berry* complaint use the exact same language used in the *Harben* complaint. Further, and more importantly, the pre-suit demand futility arguments are the same. The explanation for futility was more extensive in the *Berry*

complaint, but included in the explanation were the same reasons asserted by Harben. The issue of pre-suit demand futility decided in *Berry* is the same as that presented in the instant case.

The issue of pre-suit demand futility was actually litigated in *Berry*. It was addressed in multiple pleadings and was granted a two hour hearing. Harben's argument that the issue was not fully and fairly litigated because Berry was not allowed the opportunity to amend his complaint fails. "In the context of collateral estoppel, 'actually litigated' means that the issue was raised in the pleadings, or otherwise, that the defendant had a full and fair opportunity to be heard, and that a decision was rendered on the issue." *Powell v. Lane*, 375 Ark. 178, 186 (2008). As indicated above, the issue of pre-suit demand futility was thoroughly addressed in multiple pleadings in *Berry*. The two hour hearing allowed Berry a full and fair opportunity to be heard on the issue, and following that hearing the state court issued an order deciding whether a pre-suit demand was futile. A full and fair opportunity to be heard does not require the opportunity to amend a pleading. Additionally, the fact that Berry did not have the benefit of the documents used by Harben does not mean the issue was not actually litigated. Indeed, it is interesting to note that even without the benefit of the documents used by Harben, Berry was able to construct a more complete and detailed argument for pre-suit demand futility.

The issue of pre-suit demand futility was determined by a valid and final judgment. There is no doubt that the judgment issued by the state court was final as to pre-suit demand futility. Harben attempts, therefore, to attack its validity claiming that the judgment was

clearly erroneous. Whether Harben believes the judgment of the court in *Berry* to be erroneous does not affect the validity of the judgment. The judgment in *Berry* was issued by Pulaski County Circuit Court Judge Chris Piazza. It is valid.

Harben does not deny that the state court's determination on the issue of pre-suit demand futility was essential to the judgment. In fact, the failure of Berry to establish that the pre-suit demand was futile is exactly the reason for the dismissal of his suit and the final judgment.

Contrary to Harben's argument, it is not critical that the *Berry* case was filed subsequent to this case. The United States Supreme Court has stated that "collateral estoppel relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Indeed, these are the goals of collateral estoppel. Therefore, what is important is the date of judgment, not the date of initiation of a suit. Under collateral estoppel, a prior valid and final judgment on a particular issue precludes the relitigation of that issue, regardless of which case was filed first. To allow otherwise would lead to exactly what collateral estoppel is meant to prevent: multiple lawsuits, the waste of judicial resources, and inconsistent decisions.

Collateral estoppel prevents the issue of pre-suit demand futility from being relitigated. In accordance with the decision reached by the state court in *Berry*, Harben is not excused from making a pre-suit demand based on futility. This failure to make the required Federal Rule of Civil Procedure 23.1 pre-suit demand prevents Harben from bringing this

action. Therefore, his complaint is dismissed.

## IV.  STAY OF JUDGMENT PENDING BERRY'S APPEAL

At Harben's request, final judgment will be stayed until Berry's appeals have been exhausted. Should the Arkansas Court of Appeals or Arkansas Supreme Court reverse the trial court in *Berry*, Harben may file a motion to reconsider.

## V.  CONCLUSION

For the above stated reasons, defendants' motions to dismiss [Doc. Nos. 16, 38] are granted and Harben's complaint is dismissed with prejudice. Further, Harben's request to stay final judgment pending the exhaustion of Berry's appeals is granted and final judgment will be stayed until Berry has exhausted all appeals.

IT IS SO ORDERED this 30th day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE